```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

RAFAEL GALIANA                    *

          Plaintiff               *

          vs.                     *    CIVIL ACTION NO. MJG-13-3531

Kart1 LLC                         *

          Defendant               *

*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER RE:TRANSFER

The Court has before it Plaintiff's Motion to Transfer Venue [Document 33] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff brought this case presenting patent and non-patent claims. As made perfectly clear in the Court's case planning conference with counsel, Plaintiff's maximum potential recovery in regard to the patent claims is grossly disproportionate to the cost of litigation to Defendant Kart1, LLC and Plaintiff as well.

Plaintiff has sued defendants in the Middle District of Florida against whom, he presumably believes, he can assert patent claims with a reasonable potential recovery. By the instant motion he seeks to have this Court transfer the instant case to the Middle District of Florida.

Title 28, U.S.C. § 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no doubt that the instant case might have been brought in the Middle District of Florida.

A district court is vested with great discretion in determining whether to grant a transfer under 28 U.S.C. § 1404. See Lynch v. Vanderhoef Builders, 237 F. Supp. 2d 615, 617 (D. Md. 2002); Akers v. Norfolk & W. Ry. Co., 378 F.2d 78, 81 (4th Cir. 1967); Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

Typically, § 1404 motions are made by defendants and are opposed by plaintiffs who wish to preserve their choice of forum.  Hence, it is typically said that, on a § 1404 motion, the burden lies with the defendant to show that a transfer is in the interests of justice.  Stratagene v. Parsons Behle & Latimer, 315 F. Supp. 2d 765, 771 (D. Md. 2004).  And the Fourth Circuit has stated, "a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1946)).

In this case, the plaintiff chose to file suit in the District of Maryland but now changes his mind.  Even if, contrary to the Court's view, the Defendant would bear the burden of persuasion on the instant motion, the Court would deny the motion.

By no means do the interests of justice weigh in favor of the transfer of this case to the Middle District of Florida.  In the event, albeit highly unlikely, that future circumstances warrant, the Court would consider a motion to transfer the patent claims, but not the other claims.

Accordingly:

1. Plaintiff's Motion to transfer Venue [Document 33] is DENIED.

2. The deadline for filing summary judgment motions on non-patent claims is hereby extended to March 13, 2015.

SO ORDERED, on <u>Wednesday, February 18, 2015</u>.

<u>          /s/          </u><br>
Marvin J. Garbis<br>
United States District Judge